## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth Transportation
Commission of Virginia

v.

Gary Steven Pisner et al.

August 30, 1993

Case No. (Law) 110897

BY JUDGE THOMAS S. KENNY

This case is before the Court on Mr. Pisner's motion for summary judgment, asserted in paragraph 2 of his counterclaim to the amended petition. After completing a hearing in this case on numerous pre-trial motions on May 5, 1993, I took this motion under advisement. For the reasons set forth below, I deny the motion for summary judgment.

The events that gave rise to this litigation are set out in the pleadings, motions, and memoranda which have been filed in this case. The Commonwealth Transportation Commissioner of Virginia ("plaintiff"), filed this condemnation action against land owned by Mr. Pisner ("defendant") as part of the "Springfield Bypass" project. The original petition was filed December 3, 1991, and defendant responded on January 30, 1992, with a pleading which included a counterclaim ("the original counterclaim"). With leave of court[1] and before any response was filed to the original counterclaim, an amended petition was filed on February 17, 1993. To that first amended petition, defendant filed a

---

[1] On February 12, 1993, Judge Lee of this court entered an order allowing an amended certificate to be filed and permitting the defendant twenty-one days to file his answer and grounds of defense. Judge Lee also entered another order the same day denying defendant's motion for default judgment. That motion was based on the fact that the original counterclaim had not been responded to within the prescribed period, the same grounds as the present motion.

responsive pleading, including another counterclaim ("the second counterclaim"), on March 15, 1993. The second counterclaim included essentially the same allegations as the original, in addition to some new ones. The petitioner responded to this second counterclaim but never did file a responsive pleading to the original counterclaim.

For purposes of this motion, the merits of the counterclaims are not in issue. The only real question is whether the petitioner's failure to respond to the original counterclaim amounts to an admission of those allegations. In other words, is default judgment on the original counterclaim proper? I think not.

The petitioner is currently proceeding in this case based on the amended petition, which was filed with leave of court on February 17, 1993. The allegations in defendant's counterclaim to the amended petition were denied in a timely manner. Since petitioner has answered that second counterclaim within the time prescribed denying its allegations, I find that petitioner has not conceded those allegations. Therefore, the facts underlying defendant's counterclaim are in dispute, and defendant's motion for summary judgment is inappropriate.

Mr. Pisner's position would perhaps be more compelling were it not for the fact that he is seeking essentially the same relief that was previously denied him by Judge Lee in February of this year. In that ruling, Judge Lee refused to find the petitioner in default on the counterclaim, even though more than a year had passed since it was filed. At the same time, Judge Lee permitted the filing of the amended petition on which the case was ultimately tried. His ruling on default became the law of the case and will not be disturbed.